**UNITED STATES of America,
Appellant,**

v.

**Dorothy C. REGAN, Appellee.**

**No. 22730.**

United States Court of Appeals
Ninth Circuit.

April 29, 1969.

---

David E. Carmack (argued), Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Asst. U. S. Atty., Portland, Or., for appellant.

Eugene E. Feltz (argued), of Casey, Palmer & Feltz, Portland, Or., for appellee.

Before JERTBERG, ELY and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The Government appeals from a judgment in favor of the taxpayer in her suit for a refund of federal income taxes paid for the calendar years 1960–1962. The Government contends that the District Court erred in holding that the taxpayer, a member of a joint venture earning income from timber cutting contracts, could deduct from ordinary income her share of the venture's costs of building access roads to the timber and that those costs were not capital expenses.

The facts are uncontroverted. The taxpayer and others formed a joint venture called Idapine Tenants in April 1960. Idapine Tenants bought the assets of a partnership engaged in the lumbering business. The assets included logging equipment, plants, and all of the capital stock of Idapine Mills, Inc., an Oregon corporation. The operating equipment was then leased to the corporation. Idapine Tenants had a contract with the Forest Service to cut merchantable timber on certain Government land for which rights Idapine Tenants agreed to pay a royalty based on a specified stumpage rate per thousand board feet cut and removed, and further agreed to build access roads to the timber stand. Idapine Tenants built the access roads. Thereafter the venture transferred to its wholly owned operating corporation the joint venture's cutting rights in return for the corporation's payment of specified royalties. The joint venturers, including the taxpayer, amortized the cost of the access roads on the basis of the quantity of timber sold. The taxpayer deducted her share of the amortized costs as ordinary business expenses. The Commissioner disallowed the deductions and assessed deficiencies. The taxpayer paid the assessments and brought this action for her refund.

█ The Internal Revenue Code of 1954 does not contain a specific provision disallowing deductions for the expenditures in issue. (*Compare* § 272.) The taxpayer contends that the omission was purposeful and that Congress intended to give taxpayers in her position not only the benefit of capital gains treatment of the income derived from cutting timber, but also the extra tax dividend of deductibility of expenses incurred in reaching the timber. Congress did not create the lacuna through which the taxpayer has tried to leap. Section 631(b) of the Internal Revenue Code of 1954 [1] which extends capital

---

[1]. All statutory citations hereafter are references to the Internal Revenue Code of 1954.

gains treatment to the income Idapine Tenants received from Idapine Mills, Inc., provides that gain is measured by "the difference between the amount realized from the disposal of such timber and the adjusted depletion basis thereof * * * as though it were a gain * * * on the sale of such timber." To find the definition of "adjusted depletion basis" one must pursue a clutch of related code sections. Section 612 tells us that the basis on which depletion is to be allowed is provided in section 1011. Section 1011 says that basis is cost (section 1012) subject to adjustments as provided in section 1016. Section 1016 requires that "proper adjustment * * * be made (1) for expenditures * * * properly chargeable to capital account." When all of the pieces are pasted together, we can see that section 631(b) contains a direction to include capital expenses as an addition to the cost of the timber to reach "adjusted depletion basis."

 Are expenditures for building access roads capital expenses? We think they are. Commercial exploitation of the timber would not have been possible without the construction of the roads to reach the trees. The roads are directly related to the acquisition and disposal of the timber. The expenses in road building should be offset against capital gains realized on the disposition of the timber.

In support of her position the taxpayer cites: Union Bag-Camp Paper Corp. v. United States (1963) 325 F.2d 730, 163 Ct.Cl. 525; Ransburg v. United States (S.D.Ind.1967) 281 F.Supp. 324; Watts v. Erickson (D.Ore.1962) 10 A. F.T.R.2d 5832; Drey v. United States (E.D.Mo.1960) 7 A.F.T.R.2d 333; and Converse v. Earle (D.Ore.1951) 43 A.F. T.R. 1308. None of these cases, other than *Converse* and *Watts*, considers road construction expenses or road use fees.

Union Bag-Camp Paper concerns forest management costs. Public policy strongly favors forest conservation with which forestry management is intimately connected. The court's refusal to re-

quire capitalization of such expenses was influenced by the effect a less generous interpretation might have had on good forestry practice. The Court of Claims was also influenced by the difficult accounting burdens the taxpayer would have had to undertake if the Government's position had been sustained. Neither of these considerations is involved in our case. We are aware that dicta in *Union Bag-Camp Paper* are not in harmony with our holding, but we are not persuaded, as was the Court of Claims, that Congress intended to give timber cutters a tax bonanza, instead of a capital gains benefit, when it rewrote the timber section of the tax law in 1944. We disapprove of anything in *Converse* and *Watts* which may be contrary to our views herein expressed.

The judgment is reversed.